## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## AMERICAN ARMORED CAR LTD., Respondent.

### Docket No. 04–4831–AG.

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

David Habenstreit (Arthur F. Rosenfeld, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Samuel J. Oshinsky), National Labor Relations Board, Washington, DC, for Petitioner.

James J. Cusack, Tampa, FL, for Respondent.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, Chief District Judge.*

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for enforcement be and it hereby is **GRANTED**, and that the order is **MODIFIED** and **ENFORCED** as so modified.

Petitioner, the National Labor Relations Board ("NLRB"), petitions for enforcement of its order assessing back pay and medical expenses of $78,188.27 plus interest less tax withholdings against respondent American Armored Car, Ltd. ("AAC") on behalf of Fernando Miranda. We assume the parties' familiarity with the facts, proceedings below, and specification of issues.

The Board has broad discretion over labor remedies, and we will overturn the Board's choice only if it cannot be fairly said to effectuate the purposes of the National Labor Relations Act. *NLRB v. Ferguson Electric Co.*, 242 F.3d 426, 431 (2d Cir.2001). We review factual findings of the Board under a substantial evidence standard. 29 U.S.C. § 160(e).

The remedy of back pay is authorized by 29 U.S.C. § 160(c), but can be reduced for a wilful loss of earnings, including failure to diligently search for alternative work, or voluntarily leaving employment without good reason. *NLRB v. Mastro Plastics, Corp.*, 354 F.2d 170, 174 n. 3 (2d Cir.1965). The ultimate burden to show such wilful loss is on the employer. *Id.* at 179. Doubts and uncertainties as to the amount of back pay should be resolved against the employer. *Ferguson*, 242 F.3d at 432.

Here, Miranda testified, inter alia, that 1) after he was terminated, he delayed seeking employment for two months, dur-

the Eastern District of New York, sitting by designation.

ing which time he had two minor surgeries; 2) after finding new employment, he left that employment after being informed of an impending layoff; and 3) he then sought employment in both New York and Florida in commercial driving, mall security, retail, armored trucks, theme parks, and hotels, before finding permanent employment.

This testimony constitutes substantial evidence that Miranda did not wilfully incur a loss of earnings. Miranda's delay in seeking employment is a reasonable product of his termination by AAC on the eve of surgery. The inconsistencies that AAC urges regarding his leaving his first replacement job and trip to Florida are based on an overly strict and literal interpretation of Miranda's testimony. The wide range of Miranda's subsequent job search and the apparent feasibility of garnishment arrangements suggests that he was not futilely applying only to jobs for which his driver's license problems disqualified him. We see no reason to overturn the conclusion of the administrative law judge and the Board that AAC did not carry its burden.

We therefore hold that enforcement of the Board's order is justified. However, the Board has informed us that it made a double-counting error in the calculation of the medical expenses at issue. To correct for this error, we modify the order to include only $9,124.65 in medical expenses, rather than $10,127.25.

For the above reasons, we grant the petition and order modification and enforcement of the Board's order.